UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARGARET AND GARLAND WOLFE,**
as Personal Co-Representatives of the
**ESTATE OF CHAD WOLFE, deceased,**

      Plaintiffs

vs.                                                **CASE NO.:**_____

**SCHINDLER ELEVATOR CORPORATION,**
a foreign corporation, and **HILLSBOROUGH
COUNTY AVIATION AUTHORITY,**

      Defendants**.**
_____/

**DEFENDANT SCHINDLER ELEVATOR CORPORATION'S
<u>NOTICE OF REMOVAL</u>**

To:    The Judges of the United States District Court
         Middle District of Florida

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Schindler Elevator Corporation ("SEC"), a Delaware Corporation, by and through the undersigned counsel, gives Notice of the Removal of this case from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (hereinafter, "the State Court Action") to the United States District Court for the Middle District of Florida, Tampa Division.  As grounds for this Notice of Removal, SEC states as follows.

      1.      On or about September 26, 2014, the State Court Action was commenced by Plaintiff's filing of a Complaint in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida entitled *Margaret and Garland Wolfe, as Co-Personal Representatives of the Estate of Chad Wolfe, deceased, v. Schindler Elevator Corporation, a foreign corporation, and*

1

*Hillsborough County Aviation Authority.* Attached hereto as Ex. "A" is Plaintiff's Complaint which represents the papers and exhibits obtained from the case file for the State Court Action. *See* 28 U.S.C. § 1446(a). The Clerk of Court in the State Court Action has yet to issue summonses and Plaintiff has not served process on either SEC nor Hillsborough County Aviation Authority ("HCAA").

2. The State Court Action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this court by SEC pursuant to the provisions of 28 U.S.C. § 1441.

3. According to ¶ 2 of the Complaint, Plaintiff's personal representatives are residents of the State of Pennsylvania. Moreover, Plaintiff's decedent was a resident of West Newton Borough in the County of Westmoreland, Pennsylvania. *See* Ex. B (Letters of Administration). Pursuant to 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen of the same State as the decedent.

4. As alleged in ¶ 3 of the Complaint, SEC is a foreign corporation. That is, SEC is a Delaware Corporation with its principal place of business in Morristown, Morris County, New Jersey. HCAA is a Body Politic and Corporate Entity with a principal place of business in Tampa, Florida. *See* ¶ 5 of the Complaint. Thus, there exists complete diversity of citizenship among Plaintiff and all Defendants.

6. In the context of removal, the amount in controversy for purposes of diversity jurisdiction should be determined by first considering the plaintiff's complaint. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). In evaluating such matters, a court may consider whether such jurisdictional amount is "facially apparent" from the complaint. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Here, the Complaint plainly

avers a dispute exceeding a $75,000 amount in controversy. First, this is a lawsuit for wrongful death, a cause of action undeniably implicating a six figure damages claim at the least. *See* Complaint ¶ 1. In ¶ 8 of the Complaint, Plaintiff also avers multiple statutory survivors, compounding the amount of non-economic pain & suffering damages being claimed in addition to the economic damages sought by the estate. Additionally, decedent's survivors were his mother and father, doubtlessly indicating a younger age at death which portends amplified claims for "loss of [….] prospective [….] accumulations" and "future earnings." *See* Complaint ¶ 8. By any account, the averments of the Complaint manifestly demonstrate the existence of the jurisdictional amount for effectuating removal.

7. Venue properly rests in the Tampa Division of the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441(a) and Local Rule 1.02, Rules of the United States District Court for the Middle District of Florida, since this action is being removed from the state court wherein it was originally filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

8. SEC will file with the Clerk of the Court for the State Court Action, a Notice of a Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d), and will give written notice thereof to all parties. A copy of said Notice is attached hereto as Exhibit "C."

9. Pursuant to 28 U.S.C. § 1441(b)(2), this Notice of Removal has been timely filed by SEC. Specifically, "in a completely diverse case [….], a non-forum defendant that has not yet been served may remove a state court action to federal court under § 1441(b) notwithstanding the fact that the plaintiff has already joined − but not yet served − a forum defendant. *North v. Precision Airmotive Corp.*, 600 F.Supp. 2d 1263 (M.D. Fla. 2009); *See also ViSalus, Inc. v. Then*, 2013 W.L. 3682239, *3-4 (M.D. Fla. 2013) ("[C]onsistent with the majority of courts

addressing this issue, [….] a non-forum defendant may remove even though a forum defendant has been joined, so long as the forum defendant was not served before removal"). Moreover, 28 U.S.C. § 1446(b)(2)(A) does not require evidence of consent of defendants who have not been served with process such as HCAA.

WHEREFORE, Defendant, Schindler Elevator Corporation, respectfully requests this Court to assume jurisdiction of the above described action now pending in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, pursuant to 28 U.S.C. §§, 1332, 1441 and 1446.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-mail to Christopher Morin, Murray, Morin & Herman, P.A., 101 East Kennedy Boulevard, Suite 1810, Tampa, FL 33602 (*Counsel for Defendant HCAA*) and Hendrik Uiterwyk, Uiterwyk & Abrahamson, 900 W. Platt Street, Tampa, FL 33696 (*Counsel for Plaintiff*) this 29th day of September, 2014.

**//s// Brian J. Baggot**

BRIAN J. BAGGOT, ESQUIRE
Florida Bar No. 0998206
E-mail: bbaggot@rumberger.com (primary)
E-mail: docketingtpa@rumberger.com;
bbaggotsecy@rumberger.com (secondary)
MYRON SHAPIRO, ESQUIRE
Florida Bar No. 0399205
E-mail: mshapiro@rumberger.com (primary)
E-mail: docketingtpa@rumberger.com and
mshapirosecy@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
100 North Tampa Street, Suite 2000
Post Office Box 3390
Tampa, Florida 33601-3390
Telephone: (813) 223-4253
Telecopier: (813) 221-4752

*Attorneys for Defendant,*
*Schindler Elevator Corporation*