IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN
AND FOR HILLSBOROUGH, FLORIDA
CIVIL DIVISION

MARGARET and GARLAND WOLFE, as
as Co-Personal Representatives of the ESTATE OF
CHAD WOLFE, deceased,

               Plaintiffs,                      CASE NO.:

vs.

SCHINDLER ELEVATOR CORPORATION,
a foreign corporation, and HILLSBOROUGH
COUNTY AVIATION AUTHORITY,

               Defendants.
_____/

## COMPLAINT

    The Plaintiffs, MARGARET AND GARLAND WOLFE, as Co-Personal Representatives

of The Estate of Chad Wolfe, by and through their undersigned counsel, sue the Defendants,

SCHINDLER ELEVATOR CORPORATION, a foreign corporation, and HILLSBOROUGH

COUNTY AVIATION AUTHORITY and allege as follows:

1.    This is an action for Wrongful Death and damages in excess of Fifteen Dollars

    ($15,000.00) exclusive of costs, interest and fees.

2.    At all times material to this cause of action the Plaintiffs, MARGARET AND

    GARLAND WOLFE, were residents of the State of Pennsylvania.

3.    At all times material to this cause Defendant, SCHINDLER ELEVATOR

    CORPORATION, was a foreign corporation and was authorized to do business in

    Florida and was actively doing business in Hillsborough County, Florida.

4.    At all times material to this cause the Defendant, SCHINDLER ELEVATOR

    CORPORATION, had agents and/or representatives in Hillsborough County, Florida,

engaged in the design, manufacturing, inspection,   testing, sale, distribution, repair  and maintenance of elevators including the elevators located at the Tampa International Airport.

5.     At all times material to this complaint, HILLSBOROUGH COUNTY AVIATION AUTHORITY, (hereinafter referred to as "HCAA") was and is a County entity responsible for the operation and maintenance of Tampa International Airport (TIA) in Tampa, Hillsborough County, Florida.

6.     All conditions precedent to the maintenance of this action have occurred or have been waived including compliance with Fla. Stat. § 768.28.

7.     On March 15, 2013, while lawfully on the premises of the Tampa International Airport, Chad Wolfe, attempted to use an elevator owned by HCAA and designed, manufactured, inspected,   maintained and repaired by the Defendant, SCHINDLER ELEVATOR CORPORATION, when the elevator malfunctioned causing his death.

8.     As a direct and proximate result of the negligence of Defendants, SCHINDLER ELEVATOR CORPORATION and HCAA the Plaintiffs, MARGARET AND GARLAND WOLFE, as Personal Representatives of the Estate of CHAD WOLFE, in accordance with the Florida Wrongful Death Act, on behalf of the estate and on behalf of the survivors, makes the following claims for damages:

a.     Pursuant to Fla. Stat. §768.21, the following are potential beneficiaries of a recovery for the wrongful death of Dustin Manning:

    1.          Margaret Wolfe, mother of the deceased CHAD WOLFE;

    2.          Garland Wolfe, father of the deceased CHAD WOLFE;

    3.          The Estate of the deceased CHAD WOLFE.

GARLAND WOLFE, as the natural father of CHAD WOLFE, has suffered and will continue to suffer loss of companionship; medical and funeral expenses due to the Decedent's death; mental pain and suffering from the date of the Decedent's death; and any other damages recoverable under the Florida Wrongful Death Act.

MARGARET WOLFE, mother of the Decedent, has suffered and will continue to suffer loss of companionship; medical and funeral expenses due to the Decedent's death; mental pain and suffering from the date of the Decedent's death; and any other damages recoverable under the Florida Wrongful Death Act

The Estate of CHAD WOLFE has suffered the costs of medical and funeral expenses caused by his death, the loss of net prospective estate accumulations due to the estate after death, with interest, and loss of future earnings.

## COUNT I
## NEGLIGENCE OF SCHINDLER CORPORATION

Plaintiffs, MARGARET AND GARLAND WOLFE, as Co-Personal Representatives of The Estate of Chad Wolfe reallage and reaffirm the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

9.   At all times material to this cause, the Defendant, SCHINDLER ELEVATOR CORPORATION, was hired by the Hillsborough County Aviation authority to inspect, repair and maintain in proper condition, the elevators at the Tampa international Airport including the elevator which malfunctioned resulting in the death of Chad Wolfe.

10.  The Defendant, SCHINDLER ELEVATOR CORPORATION, had a duty to persons like Chad Wolfe to properly inspect, repair and maintain the elevators at the Tampa International Airport so that their use did not pose an unreasonable risk of injury to those who used them.

11.     The Defendant, SCHINDLER ELEVATOR CORPORATION, breached its duty to Chad Wolfe by failing to properly inspect, maintain, and repair the elevator at the Tampa International Airport whose defects and improper maintenance ultimately caused the death of Chad Wolfe.

12.     The negligence of SCHINDLER ELEVATOR CORPORATION includes but is not limited to:

        a.     Allowing the elevator to operate despite the fact it was not in proper repair.

        b.     Failing to properly maintain the elevator.

        c.     Failing to properly repair the elevator.

        d.     Allowing inexperienced or incompetent personnel to  work on the elevators.

        e.     Failing to conduct adequate inspections of the elevator.

        f.     Failing to maintain proper records of inspections, maintenance and repair for the elevator.

13.     As a direct and proximate cause of the Defendant, SCHINDLER ELEVATOR CORPORATION's negligence, the elevator being used by Chad Wolfe at the Tampa International Airport failed causing his death.

14.     Plaintiffs' claim all damages allowed by the Florida Wrongful Death Act § 768.21 including the following:

    a.     GARLAND WOLFE, as the natural father of CHAD WOLFE, has suffered and will continue to suffer loss of companionship; medical and funeral expenses due to the Decedent's death; mental pain and suffering from the date of the Decedent's death; and any other damages recoverable under the Florida Wrongful Death Act.

    b.     MARGARET WOLFE, mother of the Decedent, has suffered and will continue to suffer loss of companionship; medical and funeral expenses due to the Decedent's death; mental

pain and suffering from the date of the Decedent's death; and any other damages recoverable under the Florida Wrongful Death Act

    c.    The Estate of CHAD WOLFE has suffered the costs of medical and funeral expenses caused by his death, the loss of net prospective estate accumulations due to the estate after death, with interest, and loss of future earnings.

WHEREFORE the Plaintiffs, MARGARET AND GARLAND WOLFE, as Co-Personal Representatives of The Estate of Chad Wolfe, demand judgment in their favor against SCHINDLER ELEVATOR CORPORATION for damages, interest, costs in excess of Fifteen Thousand Dollars ($15,000.00), request a trial by jury of all issues so triable.

**COUNT II**
**NEGLIGENCE OF HCAA**

Plaintiffs, MARGARET AND GARLAND WOLFE, as Co-Personal Representatives of The Estate of Chad Wolfe realloge and reaffirm the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

15.    At all times material to this cause, the Defendant, HCAA, was the was in charge of maintaining and controlling Tampa International Airport, including the elevators, one of which (serial number 009391) malfunctioned resulting in the death of Chad Wolfe.

16.    The Defendant, HCAA, was the owner of elevator (serial number 00932) and had a non-delegable duty to persons like Chad Wolfe to properly inspect and to maintain the elevators at the Tampa International Airport so that they did not pose an unreasonable risk of injury to those who used them.

17.    The Defendant, HCAA, breached its non-delegable duty to Chad Wolfe by failing to properly inspect, maintain, and repair the elevator at the Tampa International Airport whose defects and improper maintenance ultimately caused the death of Chad Wolfe.

18.    The negligence of HCAA includes but is not limited to:

a.   Allowing the elevator to operate despite the fact it was not in proper repair.

b.   Failing to properly maintain the elevator.

c.   Failing to properly repair the elevator.

d.   Allowing inexperienced or incompetent personnel to work on the elevators.

e.   Failing to conduct adequate inspections of the elevator.

f.   Failing to maintain proper records of inspections, maintenance and repair for the elevator.

g.   Failing to properly manage, oversee and direct the work of Schindler employees who worked on the elevator which ultimately caused Chad Wolfe's death.

f.   Failing to warn Chad Wolfe of a dangerous condition on its property.

19.   Pursuant to Fla. Statute 399.02(5)(b) HCAA's negligence as alleged in paragraph 18 was negligence *per se.*

20.   As a direct and proximate cause of the Defendant, HCAA's negligence, the elevator being used by Chad Wolfe at the Tampa International Airport failed causing his death.

21.   As a direct and proximate cause of the Defendant, HCAA's negligence which caused the death of Chad Wolfe, the following damages have been sustained as allowed by the Florida Wrongful Death Act § 768.21:

a.   GARLAND WOLFE, as the natural father of CHAD WOLFE, has suffered and will continue to suffer loss of companionship; medical and funeral expenses due to the Decedent's death; mental pain and suffering from the date of the Decedent's death; and any other damages recoverable under the Florida Wrongful Death Act.

b.   MARGARET WOLFE, mother of the Decedent, has suffered and will continue to suffer loss of companionship; medical and funeral expenses due to the Decedent's death; mental

pain and suffering from the date of the Decedent's death; and any other damages recoverable under the Florida Wrongful Death Act

    c.    The Estate of CHAD WOLFE has suffered the costs of medical and funeral expenses caused by his death, the loss of net prospective estate accumulations due to the estate after death, with interest, and loss of future earnings.

    WHEREFORE the Plaintiffs, MARGARET AND GARLAND WOLFE, as Co-Personal Representatives of The Estate of Chad Wolfe, demand judgment in their favor against HCAA for damages, interest, costs in excess of Fifteen Thousand Dollars ($15,000.00), request a trial by jury of all issues so triable.

    DATED this _____ of September, 2014.

*SERVICE E-MAIL: SERVICE@UITERWYKLAW.COM*

        ABRAHAMSON & UITERWYK
        900 W. Platt Street
        Tampa, FL 33606
        Telephone: (813) 222-0500
        Facsimile: (813) 221-4738
        Hendrik@uiterwyklaw.com

        HENDRIK UITERWYK, ESQUIRE
        Florida Bar No.: 455570