UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET and GARLAND WOLFE,
as co-Personal Representatives of the
Estate of Chad Wolfe,

        Plaintiffs,

v.                                        Case No. 8:14-cv-2448-T-24 AEP

SCHINDLER ELEVATOR CORPORATION
and HILLSBOROUGH COUNTY
AVIATION AUTHORITY,

        Defendants.
_____/

**ORDER**

        This cause comes before the Court on Plaintiffs' Motion for Voluntary Dismissal Without Prejudice. (Doc. No. 10). Defendant Schindler Elevator Corporation opposes the motion. (Doc. No. 13). As explained below, the motion is granted.

**I. Background**

        Plaintiffs filed suit against Defendants Schindler Elevator Corporation ("SEC") and Hillsborough County Aviation Authority ("HCAA") on September 26, 2014. In their complaint (Doc. No. 2), Plaintiffs assert a wrongful death action against SEC and HCAA for their alleged negligence that contributed to the death of Chad Wolfe. Chad Wolfe died after attempting to use an elevator owned by HCAA and manufactured by SEC.

        On September 29, 2014, prior to service of the complaint on SEC or HCAA, SEC removed this case based on diversity jurisdiction (Doc. No. 1). Plaintiffs are citizens of Pennsylvania; SEC is a Delaware corporation with its principal place of business in New Jersey, and HCAA is a citizen of Florida. Since HCAA, a forum defendant, had not yet been served,

SEC stated that removal was proper and was not barred by the forum defendant rule.

On October 17, 2014, SEC filed its answer in this case. (Doc. No. 6). On October 16, 2014, HCAA consented to removal, and HCAA filed its answer on October 21, 2014.[1]  (Doc. No. 5, 7). On October 23, 2014, Plaintiffs filed the instant motion for voluntary dismissal without prejudice. (Doc. No. 10).

## II.  Standard of Review

Federal Rule of Civil Procedure 41(a)(2) allows a court to dismiss a plaintiff's case at the plaintiff's request on such terms that the court considers proper. In considering such a motion, this Court must keep in mind the following:

> A voluntary dismissal without prejudice is not a matter of right. Although [the Eleventh Circuit] ha[s] said that in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit, the decision whether or not to grant such a dismissal is within the sound discretion of the district court . . . . [W]hen exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for the protection of defendants.

Fisher v. Puerto Rico Marine Management, Inc., 940 F.2d 1502, 1502-03 (11th Cir. 1991)(internal citations omitted).

## III.  Motion for Voluntary Dismissal

Plaintiffs move to dismiss this case in order to pursue their claims against Defendants in state court. Because SEC removed this case before HCAA was served, SEC was able to avoid the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2). The forum defendant rule provides that an action removable on the basis of diversity jurisdiction "may not be removed if any of the

---

[1] HCAA filed an amended answer on November 10, 2014. (Doc. No. 12).

2

parties in interest ***properly joined and served*** as defendants is a citizen of the [forum] State." 28 U.S.C. § 1441(b)(2)(emphasis added).

In this case, it is undisputed that SEC removed this case before either defendant was served, and in doing so, SEC was able to avoid the forum defendant rule that would have prevented removal after HCAA was served. As a result, Plaintiffs rely on Goodwin v. Reynolds, 757 F.3d 1216 (11th Cir. 2014), to support their contention that this Court should grant their motion for voluntary dismissal so that Plaintiffs can file suit against HCAA in state court, serve HCAA, and then add SEC as a defendant and ensure that the case is tried in state court.

In Goodwin, the plaintiff filed suit against three defendants in state court on December 29th, and diversity subject matter jurisdiction existed. See id. at 1218. Three business days later on January 4th, after one of the defendants (Fikes) received a courtesy copy of the complaint, Fikes and the second defendant (Precoat) removed the case to federal court. See id. The removal was done before any of the defendants, including the forum defendant (Reynolds), was served. See id. Additionally, Precoat filed an answer on the same day as the removal, which prevented the plaintiff from moving for a voluntary dismissal without a court order. See id. at 1218-19. Due to cutbacks and personnel shortages in the state court's clerk's office, the service packages for the defendants had not been processed as of January 17th. See id. at 1219 n.5.

The plaintiff moved to dismiss the federal case without prejudice so that she could re-file the case in state court in such a manner as to irrefutably trigger the forum defendant rule and prevent a second removal. See id. The district court granted the motion, and the Eleventh Circuit affirmed, stating:

> The forum-defendant rule clearly contemplates Plaintiff's ability to defeat Defendants' purported right of removal in this case. It is

3

> undisputed that if Reynolds had been served before Fikes and Precoat removed this case, the forum-defendant rule would have barred removal. The only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service. Defendants would have us tie the district court's hands in the face of such gamesmanship on the part of Defendants. Moreover, [Defendants'] argument, if accepted, would turn the statute's "properly joined and served" language on its head.

Id. at 1221. The Goodwin court also stated in a footnote that "[a]nother indication of gamesmanship is Precoat's filing of an answer on the same day that it filed the notice of removal, before it was even served, in an apparent effort to extinguish Plaintiff's right to dismiss the case without prejudice and without the need for a court order." Id. at 1221 n.14.

Thus, the Goodwin court looked at the purpose of the forum defendant rule, which is to prevent gamesmanship by plaintiffs—to prevent plaintiffs from blocking removal by joining a forum defendant against whom the plaintiff does not intend to proceed against. See id. at 1221. As a result, the Goodwin court stated that "[b]ecause the likely purpose of [the properly joined and served language in § 1441(b)(2)] is to prevent gamesmanship by plaintiffs, . . . we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo *Defendants'* gamesmanship in the circumstances at bar." Id.

The Goodwin court noted that the plaintiff had not acted in bad faith and that the defendants did not suffer any clear legal prejudice from the district court's dismissal. See id. at 1222. While the court noted that the defendants lost their preferred federal forum, the court stated that on the facts of the case, that loss did not amount to clear legal prejudice, because the "[d]efendants purported right to be in federal court was based on a technicality; it was not at the core of what the removal statute protects." Id.

4

In the instant case, SEC argues that <u>Goodwin</u> is distinguishable, because it did not engage in the same gamesmanship that occurred in <u>Goodwin</u>: (1) SEC did not exploit Plaintiffs' courtesy in any way, because the Plaintiffs did not provide it with a courtesy copy of the complaint; (2) SEC did not exploit the state court's delay in processing Plaintiffs' request for service, because the state court clerk issued the summonses the same day as Plaintiff filed the case; and (3) SEC did not file its answer on the same day that it removed this case. SEC contends that no gamesmanship occurred, because it found out about the state court filing when it received notice via a report by Courthouse News. Furthermore, SEC knew about the upcoming litigation because SEC had been in communications with Plaintiffs' counsel for 17 months before the state court suit was filed.

This Court finds that SEC's arguments miss the point. SEC does not have an undeniable right to have this case heard in federal court. Plaintiffs have a non-frivolous claim against HCAA, the forum defendant, who was at all times properly joined and about to be served prior to removal. Just because SEC found out about the lawsuit from a source other than Plaintiffs themselves does not undermine the fact that SEC purposefully removed this case before Plaintiffs served either defendant in order to avoid the forum defendant rule. SEC's exploitation of the forum defendant rule and the technicality that HCAA was not yet served does not insulate it from the Court's power to grant Plaintiffs a voluntary dismissal without prejudice. Instead, in order to ensure that Plaintiffs are able to choose and retain the state court forum that they are entitled to under § 1441(b)(2), SEC's actions now require that Plaintiffs dismiss this case, file a new suit in state court against HCAA only, serve HCAA, and then add SEC to the lawsuit. This Court will grant Plaintiffs their requested relief due to SEC's manipulation of the forum

defendant rule.

The Court notes that SEC cites two Middle District of Florida cases, ***which predate Goodwin,*** that hold that in a diversity case, a non-forum defendant may remove a case despite the fact that a forum defendant has been joined as long as the forum defendant has not yet been served. See <u>North v. Precision Airmotive Corp.</u>, 600 F. Supp.2d 1263, 1270 (M.D. Fla. 2009); <u>ViSalus, Inc. v. Then</u>, 2013 WL 3682239, at *3 (M.D. Fla. July 12, 2013). The <u>Goodwin</u> court specifically declined to address whether its case was, in fact, removable and assumed for the purposes of the decision that it was. See <u>Goodwin</u>, 757 F.3d at 1220 n.12, 1222. Furthermore, even if removal was technically correct in the instant case, that does not mean that the Court is without the power to grant Plaintiffs' request for dismissal.

## IV.  Conclusion

Based on <u>Goodwin</u>, this Court concludes that Defendants will not suffer clear legal prejudice by a dismissal. Furthermore, this Court notes that Plaintiffs have not acted in bad faith. Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for Voluntary Dismissal (Doc. No. 10) is **GRANTED**. This case is dismissed without prejudice, and the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of November, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record